**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4042-18T1

DAVID REIGER,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued telephonically August 10, 2020 –
Decided August 20, 2020

Before Judges Whipple and Enright.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. 2-10-274088.

M. S. Tashjy argued the cause for appellant.

Jeffrey David Padgett, Deputy Attorney General, argued the cause the respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Jeffrey David Padgett, on the brief).

PER CURIAM

Petitioner David Reiger appeals from the May 16, 2019 denial of his application for accidental disability retirement benefits by respondent Board of Trustees (Board), Public Employees' Retirement System (PERS). We affirm.

Petitioner was employed by Ocean County as a broom truck operator for approximately fifteen years. On June 21, 2010, his right shoulder was injured in a work-related motor vehicle accident. In August 2010, petitioner underwent surgery on his right shoulder. He previously had three surgeries performed on his right shoulder in 2004 and 2005, but during the 2010 surgery, petitioner suffered a pulmonary nerve injury due to anesthesia complications. The complications caused petitioner permanent breathing difficulties.

In 2012, petitioner applied for accidental disability retirement benefits. The PERS Board denied his application in January 2013 but granted him ordinary disability retirement benefits.[1] The Board notified petitioner that his

> pulmonary disability was not a direct result of a traumatic event; instead, [his] pulmonary disability occurred as a result of the anesthesia which was

[1] According to respondent, the award of ordinary disability benefits entitled Petitioner to at least 43.6% of his final compensation, N.J.S.A. 43:15A-45, whereas accidental disability benefits would have entitled him to "72.7% of his actual annual compensation for which contributions were being made at the time of the occurrence of the accident." N.J.S.A. 43:15A-46.

A-4042-18T1

administered during the surgical repair or [his] shoulder . . . [and his] <u>orthopedic</u> disability [from the 2010 accident] was not sufficient in and of itself to cause [him] to be totally and permanently disabled.

Petitioner appealed from the Board's decision, and the matter was transferred to the Office of Administrative Law for adjudication and fact-finding. On May 5, 2014, Administrative Law Judge (ALJ) Jeff S. Masin denied the Board's motion for summary decision and on June 12, 2014, he denied the Board's motion for reconsideration of that order.

Testimonial hearings were held before ALJ Patricia M. Kerins on October 27, 2015 and January 22, 2016, during which petitioner's expert, Dr. Sidney Tobias, and the Board's expert, Dr. Steven Crawford, testified. On March 20, 2019, Judge Kerins issued an initial decision recommending denial of petitioner's application, concluding petitioner's disabling pulmonary injury did not directly result from his 2010 work-related accident. She also found his expert opined that after surgery, petitioner's shoulder function would have allowed him to return to work, but he was disabled due to damage to his right phrenic nerve during a routine anesthesia procedure, and this damage caused petitioner permanent breathing problems. Judge Kerins concluded:

> here, the surgical complication, and not the work-related accident, was the substantial contributing cause of [petitioner's] disabling pulmonary injury. While the

work-related accident started a chain of events that ultimately led to [petitioner's] disabling pulmonary injury, the surgical complication sufficiently intervened to render the work-related accident less than the direct cause of his pulmonary injury.

Petitioner filed exceptions to Judge Kerin's initial decision. At a meeting on May 15, 2019, the Board adopted the judge's initial decision, affirming the denial of accidental disability benefits to petitioner. On May 16, 2019, the Board notified petitioner of its decision, leading to the instant appeal.

On appeal, petitioner again argues that his pulmonary injury was caused by the administration of anesthesia during a surgery that was required because of the orthopedic injury he suffered in his 2010 work-related motor vehicle accident. Stated simply, he contends that but for his work-related accident, he would not have suffered his pulmonary injury, so he is entitled to accidental disability benefits. We are not persuaded.

N.J.S.A. 43:15A-43 affords accidental disability benefits to state workers who become "permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties[.]" In Richardson v. Board of Trustees, Police & Firemen's Retirement System, 192 N.J. 189, 212-13 (2007), our Supreme Court created a five-part, conjunctive test to determine when an injury was a direct result of a

4

A-4042-18T1

traumatic event and the Court confirmed that to qualify for accidental disability

benefits a member must prove:

> (1) that he is permanently and totally disabled;
> (2) as a direct result of a traumatic event that is
>     a. identifiable as to time and place,
>     b. undesigned and unexpected, and
>     c. caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
> (3) that the traumatic event occurred during and as a result of the member's regular or assigned duties;
> (4) that the disability was not the result of the member's willful negligence; and
> (5) that the member is mentally or physically incapacitated from performing his usual or any other duty.
>
> [Ibid.]

The "direct result" standard in Richardson is satisfied where the applicant

demonstrates a traumatic event was "the essential significant or the substantial

contributing cause of the resultant disability." Gerba v. Bd. of Trs. of Pub.

Emps.' Ret. Sys., 83 N.J. 174, 186 (1980). This fact-sensitive assessment

becomes more complicated when the applicant has a preexisting disease or

underlying medical condition. "Where there exists an underlying condition . . .

which itself has not been directly caused, but is only aggravated or ignited, by

the trauma, then the resulting disability is . . . 'ordinary' rather than 'accidental'

. . . ." Ibid.; see also N.J.S.A. 43:15A-43(a) ("Permanent and total disability

resulting from a cardiovascular, pulmonary or musculo-skeletal condition which was not a direct result of a traumatic event occurring in the performance of duty shall be deemed an ordinary disability.").

This standard, however, is not so stringent as to require an applicant to establish that the traumatic event is the "sole or exclusive causative agent" of the applicant's disability. Korelnia v. Bd. of Trs. of Pub. Emps.' Ret. Sys., 83 N.J. 163, 170 (1980) (citing Gerba, 83 N.J. at 186). "[A]n accidental disability may under certain circumstances involve a combination of both traumatic and pathological origins." Ibid. (citing Cattani v. Bd. of Trs., Police & Firemen's Ret. Sys., 69 N.J. 578, 586 (1976)). The burden of establishing direct causation between total disability and a traumatic event rests with the applicant, who must make the requisite causal showing by a preponderance of the evidence. Atkinson v. Parsekian, 37 N.J. 143, 149 (1962) (citations omitted) (applying the preponderance standard in agency proceedings).

We will not overturn an administrative action in the absence of a "showing that it is arbitrary, capricious or unreasonable, or that it lacks fair support in the record." Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223-24 (2009) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). An agency's findings of fact "are considered binding on appeal when supported by

adequate, substantial and credible evidence[.]" In re Taylor, 158 N.J. 644, 656 (1999) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). However, we owe no deference to an administrative agency's interpretation of legal precedent. Bowser v. Police & Firemen's Ret. Sys., 455 N.J. Super. 165, 171 (App. Div. 2018).

Guided by these principles, we perceive no basis to disturb the Board's findings, which are supported by sufficient credible evidence in the record. To the extent we have not addressed petitioner's remaining contentions, we are satisfied they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4042-18T1